**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MERCHANTS BONDING COMPANY MUTUAL** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-721** |
| **MARSH BUGGIES, INC. ET AL.** | **SECTION I** |

**ORDER AND REASONS**

Before the Court is plaintiff Merchants Bonding Company Mutual's ("plaintiff") motion[1] for a default judgment against defendants Denise Avery ("Avery") and the Succession of Geraldine Tassin Autin ("the Succession"). For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiff "is in the business of issuing surety bonds, including payment bonds, performance bonds, supply bonds, and related construction security instruments."[2] Before issuing bonds on behalf of Marsh Buggies, Inc. ("Marsh Buggies"), plaintiff entered into an indemnity agreement with defendants Marsh Buggies, Perry Autin, Jamie Autin Creech ("Creech"), Avery, and Geraldine Tassin Autin[3] (collectively, "defendants").[4] In reliance on the indemnity agreement, plaintiff issued two bonds on behalf of Marsh Buggies: one for the Island Road Terraces Phase II Project ("Island Road project"), awarded by Ducks Unlimited, Inc. ("Ducks Unlimited"), and a second

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 1 ¶ 12.
[3] Geraldine Tassin Autin is deceased. Her succession is a party to this action. *Id.* ¶ 6.
[4] *Id.* ¶ 13; *see* R. Doc. No. 29-3, at 53–61 (indemnity agreement).

for a project awarded by the North Lafourche Conservation, Levee and Drainage District ("the Levee District").[5]

Plaintiff alleges that, on July 30, 2021, Ducks Unlimited terminated Marsh Buggies from the Island Road project for failure to pay its subcontractors.[6] As a result, plaintiff contends that it had to pay $262,745.62 to resolve the unpaid subcontractors' claims on the bond, as well as $12,098.48 to cover the completion of the project.[7] On February 11, 2022, the parties executed an "acknowledgement and agreement" in which defendants acknowledged plaintiff's losses on the Island Road project bond and agreed to repay plaintiff $210,118.41 through a promissory note.[8] According to plaintiff, defendants defaulted on the acknowledgement and agreement and the promissory note in June 2022.[9] In addition, plaintiff contends that the Levee District submitted a claim on the second bond, alleging that Marsh Buggies did not perform its obligations for the project and failed to pay its vendors.[10] To resolve these claims, plaintiff alleges that it paid $200,000 to the Levee District.[11]

Plaintiff filed this action on April 7, 2026, alleging four claims against defendants: (1) breach of the indemnity agreement, (2) breach of the

[5] R. Doc. No. 1 ¶ 16.
[6] *Id.* ¶¶ 22–24; R. Doc. No. 29-3, at 62 (termination letter from Ducks Unlimited).
[7] R. Doc. No. 1 ¶ 27; R. Doc. No. 29-3, at 67 (tender agreement between plaintiff and the completing contractor); *id.* at 73–76 (plaintiff's payments to the subcontractors).
[8] R. Doc. No. 1 ¶¶ 28–29; R. Doc. No. 29-3, at 85–92 (acknowledgment and agreement); *id.* at 93–99 (promissory note).
[9] R. Doc. No. 1 ¶ 35.
[10] *Id.* ¶¶ 37–38; R. Doc. No. 29-3, at 77–78 (claim from the Levee District).
[11] R. Doc. No. 1 ¶¶ 38–40; R. Doc. No. 29-3, at 80 (payment to the Levee District).

acknowledgement and agreement, (3) breach of the promissory note, and (4) a claim for attorney's fees and costs.[12]

On August 11, 2026, the Court ordered plaintiff to show cause why the case should remain on its docket.[13] Plaintiff then moved for an entry of default against Avery and the Succession and the entry of a consent judgment against Marsh Buggies and Perry Autin.[14] On August 25, 2026, the Clerk of Court entered the default,[15] and, on August 26, 2026, the Court entered the consent judgment.[16] Only one defendant, Creech, has contested plaintiff's claims. She answered the complaint on August 27, 2026.[17] On September 24, 2026, plaintiff filed the present motion for default judgment against Avery and the Succession.

## II. LEGAL STANDARDS

The two-step procedure for the entry of a default judgment is governed by Federal Rule of Civil Procedure 55. First, "the plaintiff must petition the clerk for an entry of default, which is simply 'a notation of the party's default on the clerk's record of the case.'" *Hillman v. S. Insulators, LLC*, No. 23-659, 2023 WL 8113621, at *1 (E.D. La. Nov. 22, 2023) (Africk, J.) (quoting *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.)). This requires the plaintiff to "show 'by affidavit or otherwise' that the defendant 'has failed to plead or otherwise

[12] R. Doc. No. 1 ¶¶ 55, 61, 67, 72.
[13] R. Doc. No. 12.
[14] R. Doc. Nos. 16, 17.
[15] R. Doc. No. 19.
[16] R. Doc. Nos. 21–23.
[17] R. Doc. No. 25.

defend.'" *Id.* (quoting Fed. R. Civ. P. 55(a)). Once the plaintiff has done so, "an entry of default may be made by the clerk without any action being taken by the court." 10A *Wright & Miller's Federal Practice & Procedure* § 2682 (4th ed. 2026).

After the entry of default, the plaintiff may apply for a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment." *Hillman*, 2023 WL 8113621, at *2 (citing Fed. R. Civ. P. 55(b)(1)). Otherwise, the plaintiff must apply to the court. Fed. R. Civ. P. 55(b)(2). A plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). A default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989)).

"The role of a district court in adjudicating a motion for default judgment is limited." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). However, "a district court has the duty to assure that it has the power to enter a valid default judgment." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Before entering a default judgment against a non-appearing party, the Court must "look into its jurisdiction both over the subject matter and the parties." *Id.* (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200 (10th Cir. 1986) (per curiam)).

This includes determining whether the plaintiff properly served the defaulting party. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022).

"When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Escalante*, 34 F.4th at 495. Otherwise, a court risks entering a future judgment on the merits that is inconsistent with the default judgment, a situation described by the Supreme Court as "unseemly and absurd." *Id.* (quoting *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). When faced with this possibility, courts should refrain from entering a default judgment "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A *Wright & Miller's Federal Practice & Procedure* § 2690 (4th ed. 2026); *see, e.g.*, *Great Am. Assurance Co. v. Weed*, No. 25-1724, 2026 WL 2546046, at *1 (E.D. La. Aug. 28, 2026) (Fallon, J.); *Hillman*, 2023 WL 8113621, at *2–3; *Mack Fin. Servs. v. Ackel*, No. 21-669, 2021 WL 2267660, at *2 (E.D. La. June 3, 2021) (Lemelle, J.); *Duncan v. Celestine*, No. 18-6143, 2018 WL 10246147, at *2 (E.D. La. Dec. 10, 2018) (Feldman, J.); *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012) (Barbier, J.).

## III. ANALYSIS

### A. Jurisdiction

#### *1. Subject Matter Jurisdiction*

The Court must first confirm that it has subject matter jurisdiction over this action. *Sys. Pipe & Supply*, 242 F.3d at 324. Plaintiff's complaint invokes this Court's

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[18] "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003)). Both requirements for diversity jurisdiction are met in this case.

First, the parties to this case are diverse. "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Plaintiff is a citizen of Iowa, its state of incorporation and the location of its principal place of business.[19] 28 U.S.C. § 1332(c)(1). None of the defendants are citizens of Iowa. Marsh Buggies is a citizen of Louisiana, its state of incorporation and the location of its principal place of business.[20] *Id.* The Succession is a citizen of Louisiana, where Geraldine Tassin Autin was a citizen at the time of her death.[21] *Id.* § 1332(c)(2). The remaining defendants are citizens of the states in which they are domiciled. *Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Perry Autin is a citizen of Louisiana, Avery is a citizen of Mississippi, and Creech is a citizen of Tennessee.[22]

---

[18] R. Doc. No. 1 ¶ 10.
[19] *Id.* ¶ 1.
[20] *Id.* ¶ 2.
[21] *Id.* ¶ 6.
[22] *Id.* ¶¶ 3–5.

Second, the amount in controversy is well over $75,000. "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Aside from interest and costs, plaintiff seeks $393,493.20 in damages for breach of contract.[23] There is no indication that this estimate, based on the terms of the contracts at issue, is not made in good faith.

*2. Service of Process*

While the Court has subject matter jurisdiction over this action, it does not have personal jurisdiction over the Succession because it has not been properly served. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Hazim v. Schiel & Denv. Book Publishers*, 647 F. App'x 455, 460 (5th Cir. 2016) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). The Federal Rules of Civil Procedure provide that, subject to exceptions not relevant here, a plaintiff must serve an individual in a judicial district of the United States by either:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

[23] *Id.* at 12–13.

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The Louisiana Code of Civil Procedure provides that a plaintiff may serve an individual by personal or domiciliary service. La. Code Civ. Proc. art. 1231. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." *Id.* art. 1232. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." *Id.* art. 1234. For out-of-state defendants, Louisiana's long-arm statue permits a plaintiff's attorney to perform service by "registered or certified mail" or "commercial courier." La. Rev. Stat. § 13:3204.

Plaintiff, through its attorney Erin G. Fonacier, served Avery by FedEx and the Succession by certified mail.[24] This service was proper with respect to Avery because, according to plaintiff's proof of service, Avery resides in Poplarville, Mississippi.[25] She is therefore subject to Louisiana's long-arm statute. However, "certified mail service of a complaint is not proper on defendants residing within

---

[24] R. Doc. No. 8, at 2 (proof of service); R. Doc. No. 9, at 2 (proof of service). Plaintiff's letters to Avery and the Succession state that they were each served by both certified mail and FedEx. R. Doc. No. 8, at 4; R. Doc. No. 9, at 4; R. Doc. No. 29-4, at 4, 7. To its motion for entry of default judgment, plaintiff also attached proof of delivery by certified mail with respect to Avery. R. Doc. No. 29-4, at 6.
[25] R. Doc. No. 8, at 2; *see also* R. Doc. No. 29-4, at 4–6.

Louisiana." *Williamwest v. Richardson*, No. 23-30264, 2024 WL 3372677, at *1 (5th Cir. July 11, 2024) (per curiam). Plaintiff's proof of service states that the Succession was served through its representative Perry Autin, who resides in Marrero, Louisiana.[26] Therefore, service by certified mail was improper with respect to the Succession.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed its complaint on April 7, 2026, well over ninety days ago.

Accordingly, the Court will order that plaintiff shall file proof of proper service in the record with respect to the Succession within thirty days or the Succession will be dismissed pursuant to Rule 4(m). In addition, the default against the Succession shall be set aside, because the Succession has no duty to answer this suit until it is properly served. *Espinoza*, 44 F.4th at 276.

**B. The Risk of Inconsistent Judgments**

Although the Court has jurisdiction over Avery, it cannot enter a default judgment against her because "doing so would conflict with the position taken by another defendant," Creech. *Escalante*, 34 F.4th at 495. Plaintiff alleges that all

---

[26] R. Doc. No. 9, at 2; R. Doc. No. 29-4, at 1, 7–8. Pursuant to Louisiana law, the Succession's representative "is the proper defendant in an action to enforce an obligation of the deceased." La. Code Civ. Proc. art. 734. Plaintiff's complaint states that this suit is brought against the Succession "through its duly appointed succession representative." R. Doc. No. 1 ¶ 6.

defendants are jointly and severally liable.[27] In her answer, Creech raises multiple defenses, some of which, if meritorious, would defeat plaintiff's claims against all defendants, including Avery. For example, Creech argues that plaintiff's claims are barred by laches and the statute of limitations.[28] In addition, Creech raises defenses that would reduce plaintiff's recovery against any defendant. For example, she argues that plaintiff failed to mitigate its damages, failed to properly account for its damages, and failed to satisfy the conditions precedent for recovery pursuant to the contracts at issue.[29] Because the merits of these defenses remain unresolved, the Court cannot enter a default judgment against Avery at this time. Plaintiff "may re-file this motion when the case no longer presents a risk of inconsistent judgments." *Hillman*, 2023 WL 8113621, at *3.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for a default judgment is **DENIED WITHOUT PREJUDICE** to its right to re-urge it as appropriate.

**IT IS FURTHER ORDERED** that the entry[30] of default against the Succession is **SET ASIDE**. Plaintiff shall file proof of proper service in the record with respect to the Succession **within thirty (30) days** or the Succession shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

[27] R. Doc. No. 1 ¶¶ 14, 49, 55, 69, 72.
[28] R. Doc. No. 25, at 7–8.
[29] *Id.* at 8–9.
[30] R. Doc. No. 19.

New Orleans, Louisiana, October 6, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**